**XIU ZHU CHEN, Petitioners,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 06–0494–ag.**

United States Court of Appeals, Second Circuit.

Aug. 24, 2006.

Farah Loftus, Los Angeles, CA, for Petitioners.

Gregory R. Miller, U.S. Atty. for the Northern District of Florida, E. Bryan Wilson, Asst. U.S. Atty., Tallahassee, FL, for Petitioner.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Xiu Zhu Chen, though counsel, petitions for review of the BIA's decision affirming Immigration Judge ("IJ") Adam Opaciuch's decision denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiu Zhu Chen*, No. A 97 977 631 (B.I.A. Jan. 10, 2006), *aff'g* No. A 97 977 631 (Immig. Ct. N.Y. City Oct. 12, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

Here, although the IJ did not explicitly make an adverse credibility determination, it is patently clear that he did not believe the petitioner's claim that she was subjected to a forced abortion. The IJ stated specific reasons why he did not believe her claim. He noted that she had signed an unmarried youth birth control agreement. This agreement states that it is required to obtain a birth permit in order to get pregnant. It further states that a person who becomes pregnant without the required permit will be forced to have an abortion and an IUD insertion. The agreement also states that if it is violated, the government has the right to take action, and the State Department background report indicates that the action taken is a fine. The IJ noted that the petitioner stated that she

became pregnant after signing this agreement, and claimed that this pregnancy was terminated by an abortion that she claimed was involuntary.

The IJ did not believe her claim that the abortion was forced. He noted that, despite the signed agreement, no fine was imposed, and she was not required to have an IUD inserted. The IJ also noted that the petitioner produced an abortion certificate, but he quoted from the State Department report the following: "According to Embassy officials, the only document that might resemble such a certificate and result in confusion is a document issued by hospitals upon a patient's request for a voluntary abortion." Based on these circumstances, the IJ reasonably concluded that the petitioner's claim that the abortion was involuntary was not supportable. These circumstances provide substantial evidence for the IJ's conclusion.

Because the petitioner was unable to present credible evidence needed to establish eligibility for an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir. 2003). Relief under CAT is waived because it is not argued in the brief to this Court.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).